

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IGOR VLADIMIR ASLAN,        )
                            )
        Petitioner,          )
                            )
                            )   Case No. 10-cv-5517
    v.                      )
                            )   Judge John W. Darrah
UNITED STATES OF AMERICA,   )
                            )
        Respondent.          )
                            )

## MEMORANDUM OPINION AND ORDER

Petitioner, Igor Vladimir Aslan, was arrested and charged with knowingly participating in an internet fraud scheme. He subsequently pleaded guilty and was sentenced to a term of imprisonment and an obligation to pay restitution and a special assessment.

Aslan asserts that certain property was taken from him at the time of his arrest, and he now moves for its return pursuant to Federal Rule of Criminal Procedure 41(g). In the alternative, Aslan asks the Court to allow him to convert his motion into a civil action for money damages against the individuals who allegedly took his property, pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (*Bivens*).

### BACKGROUND

On December 12, 2006, Aslan was arrested by Department of Homeland Security Special Agent Malgorzata Zeba and FBI Special Agent Christopher Remillard. The

1

arresting agents searched Aslan and confiscated the property found on his person. Aslan now claims that the following property was taken from him: $1,730 in United States currency, an 18-carat gold ring with a 4-carat diamond, an antique gold watch with a 4-carat diamond, a 35mm video camera, five 18-carat gold coins, a 2000 Ford Crown Victoria, documentary proof of car insurance, the title to the aforementioned Crown Victoria, a valid Illinois driver's license issued to Aslan, his Social Security card, his United States passport, a Western Union card, a MasterCard, a checkbook, a rent receipt in the amount of $1,580, a car key, a house key, two laptop computers, two leather jackets, a "regular" jacket, and several World Service identification documents. *See* Pet'r's Mot. for Return of Property, at Ex. 2.

On February 6, 2007, an inventory was prepared by Special Agent Remillard, documenting the property recovered from Aslan's person at the time of the arrest. Gov't Resp., at Ex. B1. The FBI Inventory lists the following items only: a black baseball hat with a Special Forces patch, a blue neck scarf, a black windbreaker jacket, a blue windbreaker jacket with "Triton College Staff" stenciled on the back, a brown belt, shoelaces, a bag of tobacco, rolling papers, a checkbook, a black lanyard, a World Identity Card, a World Citizen Card, a World Birth Certificate, an address book, a notebook, a black wallet, $33 in United States currency, various receipts, two Illinois driver's licenses issued to Aslan, an Illinois identification card issued to Aslan, a Social Security card issued to Aslan, an International ID issued to Aslan, an Employment Authorization card issued to Aslan, a Visa TCF Express Teller Check card issued to Aslan, a Mega Rewards MasterCard issued to Aslan, two Western Union Gold cards

issued to Aslan, a Samsung cellular phone, $1.55 in loose change, and a leather fanny pack. *Id.*

On June 14, 2007, Aslan pleaded guilty to one count of wire fraud. On February 7, 2008, Aslan was sentenced to 63 months' imprisonment and three years' probation; he was also ordered to pay restitution in the amount of $187,982.48 and a $100 special assessment. *See United States v. Aslan*, No. 06 CR 923, Docket No. 422 (N.D. Ill. Feb. 7, 2008). Aslan is currently incarcerated at the Federal Correction Institute in Fort Dix, New Jersey.

On May 22, 2008, Aslan filed a *pro se* motion for return of personal property in his criminal case before this Court. The motion was filed after Aslan filed a notice of appeal regarding his sentence and was never noticed for presentment. As of December 18, 2008, no action had been taken with respect to this motion; and it was administratively terminated.

On June 25, 2010, Aslan filed a civil action in this district, asserting a *Bivens* claim for money damages attributable to the property that was allegedly taken from him at the time of his arrest. *See Aslan v. DHS Agent a/k/a "Maggie" and Unknown FBI Agent, John Doe*, No. 10 C 3964 (N.D. Ill. June 25, 2010). Aslan claimed that Special Agents Zeba and Remillard entered his residence and vehicle and seized property during and after his arrest on December 12, 2006. *Id.* The case was assigned to Judge Conlon, who, on August 6, 2010, dismissed the suit as time barred. *Id.* Aslan appealed that decision, and the case is currently docketed in the Seventh Circuit Court of Appeals as No. 10-305.

Aslan filed the instant motion, a "Renewed" Motion for Return of Property Pursuant to Rule 41(g), on August 31, 2010, in an effort to retrieve the property allegedly taken from him at the time of his December 12, 2006 arrest. Aslan's motion was docketed as a new civil case and assigned to this Court. In response to Aslan's motion, the Government filed "affidavits" of the arresting agents, describing the circumstances of Aslan's arrest and the general nature of the property recovered from his person. *See* Gov't Resp., at Ex. A & B.[1] The Government also submitted the aforementioned FBI Inventory and, in an effort to establish that Aslan's list of allegedly stolen property has varied over time, a document purportedly written by Aslan soon after his arrest and listing the alleged stolen property. Gov't Resp., at Ex. B1 & I.

Aslan responded to the Government with his own "affidavit" regarding the property he claims to have been taken from him.[2] Aslan asserts that the Government's factual assertions are unsupported and that an evidentiary hearing is necessary to resolve the parties' differing accounts of the relevant facts. Aslan further represents that he is expected to be released from FCI Fort Dix in March of 2011, and he asks this Court to refrain from making a factual determination until his release so that he may have an opportunity to participate in an evidentiary hearing.

---

[1] As discussed below, the Government's "affidavits" were not notarized.

[2] Aslan's "affidavit" also is not notarized.

## LEGAL STANDARD

In its entirety, Rule 41(g) of the Federal Rules of Criminal Procedure provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Rule 41(g) provides the judge presiding in a criminal case with the authority to order the Government to return property of the defendant that has been confiscated in the course of investigation and prosecution if the Government has no reason to continue holding the property. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). The Rule creates a remedy similar to a common-law replevin action. *Id.* Even after the criminal proceeding ends, the court which maintained the criminal matter has jurisdiction to entertain a Rule 41(g) motion. *Id.* When there is a dispute as to facts between the Government and the defendant, such as when the Government denies ever possessing the property, the court must "receive evidence and make a factual finding with respect to the current status of the property which the defendant seeks to recover." *Stevens v. United States*, 530 F.3d 502, 505 (7th Cir. 2008). In deciding a disputed motion, the court is not required to hold a hearing; the court may instead rely solely on evidence received in the form of sworn affidavits. *Id.*

## ANALYSIS

As explained above, there is a dispute between Aslan and the Government as to what was taken from Aslan at the time of his arrest and what remains in the Government's possession. Although both parties have submitted materials in support of their position, the evidence before the Court is insufficient to resolve Aslan's motion without an evidentiary hearing.

Neither of the "affidavits" provided by the Government is notarized. Nor do they contain any statement indicating that they are being presented "under penalty of perjury," as required by 28 U.S.C. § 1746. *Cf. DeBruyne v. Equitable Life Assurance Soc'y of the United States*, 920 F. 2d 457, 471 (7th Cir. 1990) (stating that a court can consider as evidence declarations that are not notarized, provided that they are made "under penalty of perjury" and verified as "true and correct") (citation omitted). The facts presented in the Government's affidavits follow this prefatory language: "I, Special Agent [ ], being duly sworn according to law, depose and state:" However, there is no notary signature to indicate that the agents were actually sworn; and the agents do not, themselves, swear to the truth and correctness of their factual assertions under penalty of perjury. Additionally, no foundation or authentication is provided for the attached FBI Inventory and the letter reportedly written by Aslan.

Aslan's request for an evidentiary hearing is granted. The hearing is set for April 26, 2011, at 1:30 p.m. The purpose of the hearing will be to determine what property was confiscated from Aslan at the time of his December 12, 2006 arrest and what property remains in the Government's possession.

As an alternative request for relief, Aslan asks the Court to consider his motion for return of property as a *Bivens* claim. He relies on *United States v. Norwood*, 602 F.3d 830, 833 (7th Cir. 2010), in which the Seventh Circuit held that the district court erred in construing a criminal defendant's motion for restitution as a Rule 41(g) motion. The Seventh Circuit remanded the case to the district court, noting that "when a district court conducting a [Rule 41(g)] proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding *pro se* . . .) an opportunity to assert an alternative claim for money damages." *Id.* at 836-37 (quoting *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001)).

Here, however, Aslan has already asserted a *Bivens* claim based on allegations that the same property was taken from him by the same government agents. That action was dismissed by Judge Conlon, and it is currently on appeal. As the same matter cannot be litigated before two different courts, Aslan's request to have his motion considered as a *Bivens* claim is denied.

## CONCLUSION

An evidentiary hearing is scheduled for April 26, 2011, at 1:30 p.m., for purposes of determining what property was taken from Aslan at the time of his arrest and what property remains in the Government's possession. Aslan's alternative request to convert his motion for return of property into a civil action under *Bivens* is denied.

Date: 2-23-11

JOHN W. DARRAH
United States District Court Judge