# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-5517 | **DATE** | April 17, 2012 |
| **CASE TITLE** | Aslan v. United States of America | | |

**DOCKET ENTRY TEXT**

Plaintiff moves to proceed *in forma pauperis* on his appeal. The Government opposes this motion. Based on the analysis below, Plaintiff's motion to proceed on appeal *in forma pauperis* [67] is denied. Plaintiff's Motion to Supplement the Record [69] is denied as moot. The hearing set for May 15, 2012 is vacated. See statement below. No appearance is needed on 5/15/12. This case remains closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     On August 31, 2010, Plaintiff Igor Aslan filed a Motion pursuant to Federal Rule of Criminal Procedure 41(g), alleging agents of the Government confiscated some of his property without returning it during his arrest in a criminal matter. Aslan was granted an evidentiary hearing regarding this Motion, which was held on March 14, 2012. During this hearing, Aslan alleged that property was stolen from him by the Government, namely, diamond jewelry, watches, cash, and gold coins. Three Special Agents testified at this hearing and credibly denied any theft of Aslan's property. Aslan failed to present any evidence that he ever owned or possessed the supposed stolen items, nor did Aslan present any evidence that the Government actually stole the property in question. Aslan's Rule 41(g) motion was denied.

     Following this ruling, Aslan filed an appeal in the Seventh Circuit and seeks to proceed *in forma pauperis* in this appeal. Federal Rule of Appellate Procedure 24(a) governs Aslan's motion to appeal *in forma pauperis*. The Rule requires a party seeking to appeal *in forma pauperis* to file a motion in the district court. Fed. R. App. Pro. 24(a)(1). The rule further provides that where "a party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless: the district court . . . certifies that the appeal is not taken in good faith." Fed. R. App. Pro. 24(a)(3)(A). If the appeal is deemed to be taken in bad faith, the district court must provide its reasons for the certification in writing. *Id.* "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

     Based on Aslan's filings and the evidentiary hearing held, it is clear Aslan's claims are without merit and in bad faith. Aslan presented absolutely no evidence to support his claims regarding his stolen property, other than his own testimony. Even Aslan's written statements contain inconsistencies, as the list of allegedly missing property has changed from one filing to the next. Aslan's confusing testimony served only to undermine his credibility, as he was unable to offer any evidence or argument which would support his claims regarding the claimed stolen property. The testimony of the Government Special Agents at the evidentiary hearing was highly credible, supported by affidavits, and completely contradicted Aslan's assertions. To

| STATEMENT |
|---|
| permit Aslan to proceed on appeal *in forma pauperis* with his meritless claims would serve only to waste the appellate court's limited resources. Therefore, Aslan's motion to proceed *in forma pauperis* on appeal [67] is denied, and this Court certifies his appeal is taken in bad faith, for the reasons described above. |